UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. MONTGOMERY,

        Plaintiff,

v.

CITIMORTGAGE, INC., ABN AMRO MORTGAGE GROUP, INC., EVERGREEN WOODS CONDOMINIUM ASSOCIATION, KRAMER-TRIAD MANAGEMENT GROUP, LLC, GTJ CONSULTING, LLC, ROSS TOWING AND USED AUTO PARTS, 24261 Evergreen Road Southfield MI, 6576 Stonebridge E. West Bloomfield MI, FREDDIE MAC, MICHAEL E. KELLUM,

        Defendants.

Case No. 10-11729
Honorable Julian Abele Cook, Jr.

## ORDER

On or about March 26, 2010, the *pro se* Plaintiff, D. Montgomery, filed a lawsuit in the Oakland County Circuit Court of Michigan in which he seeks to obtain injunctive relief and $5,133,429 in damages against the Defendants. Among other things, he accuses the Defendants of engaging in unlawful, unfair, unconscionable or deceptive business practices, and wrongfully interfering with the property interests in his residential condominium in Southfield, Michigan.

On April 28, 2010 - one day after having obtained a default judgment in the sum of $5,133,429 against one of the Defendants, Michael E. Kellum - another Defendant, Freddie Mac, caused the issues in the parties' litigation to be removed to this federal court. Eight days later, Kellum filed a motion in which he asked the Court to set aside the default judgment, citing to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for support. In expressing his opposition

1

to Kellum's motion, Montgomery filed another pleading which was specifically designed to enforce the now-challenged default judgment.

I.

In his complaint, Montgomery alleges that he became a tenant of the property at 24261 Evergreen Road ("the condominium") in May of 2009. Montgomery complains that the Defendants conspired to wrongfully remove him from his condominium by forcibly entering the premises while he was away from home on a "personal business" trip in early March of 2010, and, while therein, removing his personal properties (including a motor vehicle) from the premises without a court order.[1] In addition, he specifically accuses Kellum, who served as a vice president of the Evergreen Condominium Association ("the Association") during the times that are relevant to this controversy, of authorizing his car to be towed away from the condominium premises by another Defendant, Ross Towing and Used Auto Parts ("Ross Towing").

In support of his challenge to the efficacy of this default judgment, Kellum claims to have a meritorious defense to Montgomery's charges. Specifically, he notes that the Association had previously warned Montgomery in July of 2009 that his car had been parked in violation of its rules which, in turn, would subject him to the towing of his motor vehicle unless the matter was corrected within a twenty-four hour period thereafter. According to Kellum, the Association, believing that the car may have been abandoned since it bore 2007 Michigan license plates, authorized the

---

[1] Montgomery attached to his complaint a copy of the Southfield Police Department report that had been initiated by him and authored by officer Rolando Rivera. This report characterized the removal of the contents from Montgomery's home as a "forced entry / burglary."

placement of another twenty-four hour removal notice on Montgomery's car.[2] When the motor vehicle was not removed, the Association authorized its removal from the condominium properties on March 12, 2010. Kellum denies any other involvement in the issues that have been alleged by Montgomery in his complaint.

An examination of the record in this cause reveals that Kellum's defense is neither complete nor has it been fully pled. This is because Montgomery had sought and obtained a default judgment against Kellum on April 27, 2010 - one day after Kellum had neglected or failed to file his answer to the complaint in a timely manner. According to Michigan Court Rule 2.108,[3] Kellum's answer was due April 26, 2010. However, Kellum's attorney - who also represents two of the other Defendants (namely, the Association and the Kramer-Triad Management Group) - asserts that he did not learn of his obligation to represent Kellum in this case until on or about Saturday, April 24, 2010. He maintains that, immediately after learning of this duty to Kellum, an answer was immediately

---

[2]As an attachment to his motion to set aside the default judgment, Kellum furnished the Court with an excerpt from the Association's bylaws which prohibits the presence of non-operational cars on condominium premises:

> Non-operational vehicles and vehicles with expired license plates shall not be parked or stored on the Condominium Premises without the written permission of the Board of Directors.
> . . . .
> The Association may cause vehicles parked or stored in violation of this Section . . . to be removed from the Condominium Premises and the cost of such removal may be assessed to, and collected from, the Co-owner of the Unit responsible for the presence of the vehicle . . . .

*See,* Kellum's Motion to Set Aside Default, Exhibit J.

[3]Michigan Court Rule 2.108 provides, in relevant part, that "[a] defendant must serve and file an answer or take other action permitted by law or these rules within 21 days after being served with the summons and a copy of the complaint." Mich Ct. R 2.108(A)(1).

3

prepared and forwarded to the Oakland County Circuit Court through the United States Postal Service. However, the complaint was not formally entered onto the docket of the state court until April 28, 2010. Montgomery had already obtained a default judgment against Kellum by that time for the "sum certain" of $5,133,429.00. It is from this judgment that Kellum now seeks relief, on an expedited basis.[4]

## II.

In 1955, the Court of Appeals for the Sixth Circuit opined that any judgment in danger of being set aside in a state court faces the same hazard after a case has been removed to a federal forum. *See Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955) ("When a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court.") (quoting *Savell v. Southern Railway Co.*, 93 F.2d 377, 379 (5th Cir. 1937)). Thus, there is no jurisdictional bar to the authority of the Court to evaluate Kellum's motion. *See generally,* 28 U.S.C. § 1450.[5]

In the now-pending motion, Kellum urges the Court to grant him relief from the state court default judgment because, among other things, he has a meritorious defense, and his failure to answer timely was neither deliberate nor willful. Under Fed. R. Civ. P. 60(b)(1), an aggrieved party may petition the Court for relief from a final judgment that has been entered as a result of a "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In evaluating a motion for

---

[4]Kellum's June 11, 2010 motion for an expedited hearing on his request to have the subject default judgment is granted.

[5]This statute provides, in pertinent part, that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

4

a default judgment under the standards of Rule 60(b)(1), a court is strongly encouraged to determine "(1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default." *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

Here, an examination of these factors compels a ruling in favor of Kellum. First, the Court accepts Kellum's assertion that his delay in filing an answer was not deliberate, willful or culpable. It appears that Kellum's failure to respond to the allegations in Montgomery' complaint was due to circumstances and questionable decisions involving the counsel for the Association. However, when taking into consideration this situation in its entirety, a judgment by default is a measure which is reserved only for the most egregious of violations by a litigant. Here, it is clear to this Court that Kellum - although not free from fault - is not guilty of any egregious conduct which would justify the preservation of the default judgment in this case. *Id.; see also, Sun Bank of Ocala v. Pelican Homestead and Savings Assn.,* 874 F.2d 274, 276 (5th Cir. 1989) (federal procedural rules are designed "for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver."). Thus, based on the totality of the circumstances, the Court finds that the omission by Kellum resulted from inadvertence or neglect, and not from a more pernicious intent.

Moreover, the Court believes the prejudice in setting aside the default judgment would cause little, if any, prejudice to Montgomery who had obtained a default judgment in a state court just one day after Kellum missed the deadline for filing an answer. There has not been any appreciable delay in the progress of this litigation. Moreover, there is no allegation by Montgomery that Kellum's conduct had adversely affected his ability to pursue his claims against any of the Defendants. Although

5

Montgomery argues that he plans to use the proceeds from the default judgment to hire an attorney, this contention does not justify the denying of relief to Kellum, inasmuch as public policy favors trials on the merits of disputed issues in federal courts. *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 846 (6th Cir. 1983). Finally, it appears that Kellum, on the basis of his representations to the Court, has proffered a facially viable defense to Montgomery's claims against him. Under these circumstances, Kellum's motion to set aside the $5,133,429.00 default judgment against him in the Oakland County Circuit Court, along with his request for an expedited hearing on this motion, must be, and are, granted. Moreover, Montgomery's demand, filed on June 7, 2010 at docket entry #15, as a creditor for payment of that $5,133,429 judgment has no force and effect, and therefore must be and is, denied.

IT IS SO ORDERED.

Dated: June 28, 2010  S/Julian Abele Cook, Jr.
 Detroit, Michigan  JULIAN ABELE COOK, JR.
  United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant D Montgomery, P.O. Box 441074, Detroit, MI 48244 on June 28, 2010.

 s/ Kay Doaks
 Case Manager