# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

D. MONTGOMERY,

    Plaintiff,

v

FREDDIE MAC, CITIMORTGAGE,
ABN AMRO MORTGAGE GROUP, INC.,
EVERGREEN WOODS CONDOMINIUM ASSOCIATION,
KRAMER-TRIAD MANAGEMENT GROUP,
GTJ CONSULTING, LLC, MICHAEL J. KELLUM,
ROSS TOWING AND USED AUTO PARTS,
24261 Evergreen Road, Southfield, MI and
6576 Stonebridge E, West Bloomfield, MI,

    Defendants.

Case No. 2:10-cv-11729
Hon. Julian Abele Cook
Magistrate Judge Mark A. Randon

---

| | |
|---|---|
| D. Montgomery<br>In Pro Per Plaintiff<br>PO Box 441074<br>Detroit, MI 48244-1074<br>(313) 460-6965 | TROTT & TROTT, P.C.<br>By: Rana Razzaque (P67627)<br>Attorneys for Defendants Freddie Mac and<br>GTJ Consulting, LLC<br>31440 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br>(248) 723-5073 |
| K.J. Miller (P62014)<br>Christyn M. Scott (P67485)<br>DYKEMA GOSSETT, PLLC<br>Attorneys for Defendant CitiMortgage<br>and ABN Amro Mortgage Group, Inc.<br>39577 Woodward Ave., Ste. 300<br>Bloomfield Hills, MI 48304-5086<br>(248) 203-0746 | Mark J. Zausmer (P31721)<br>Carson J. Tucker (P62209)<br>ZAUSMER, KAUFMAN, AUGUST,<br>CALDWELL & TAYLOR, P.C.<br>Attorneys for Defendants Kramer-Triad,<br>Evergreen Woods and Michael E. Kellum<br>31700 Middlebelt Road, Ste. 150<br>Farmington Hills, MI 48334-2374<br>(248) 851-4111 |

## U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR INTERVENTION PURSUANT TO FRCP 24(a), AND DISMISSAL PURSUANT TO FRCP 12(b)(6) and 12(b)(7)

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HWY., SUITE 200
FARMINGTON HILLS, MI
48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

1

NOW COMES, U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee, for JP Morgan 2003-A2, ("U.S. Bank"), by and through its attorneys, Trott & Trott, P.C., by Rana Razzaque and for its Motion for Intervention Pursuant to the Federal Rules of Civil Procedure 24(a), and Dismissal Pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), hereby states as follows:

1. U.S. Bank claims an interest in the property commonly known as 6576 Stonebridge E., West Bloomfield, MI 48322, ("Subject Property") by way of a quit-claim deed. (**Exhibit A, Quit-Claim Deed**).

2. The Quit-Claim Deed was issued following a mortgage foreclosure sale.

3. The instant action names 6576 Stonebridge E, West Bloomfield, MI 48322 as a Defendant.

4. Though U.S. Bank has a recorded interest in the Subject Property, the instant action fails to name U.S. Bank as a Defendant.

5. Disposing of the instant action may impair or impede U.S. Bank's ability to protect its interest, and there is not an existing party to this action who could adequately protect U.S. Bank's interest.

6. The Plaintiff is seeking to obtain priority over U.S. Bank's interest in the Subject Property, and further seeks to foreclose liens Plaintiff claims against the Subject Property.

7. The Plaintiff also seeks to quiet title to the Subject Property.

8. The Plaintiff's claims against the Subject Property are not in any way related or connected to the remainder of the claims found in Plaintiff's Complaint.

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

9. No other named Defendants to this action have an interest in the Subject Property.

10. U.S. Bank does not have an interest in the other named property to this action, 24261 Evergreen Road, Southfield, MI.

11. U.S. Bank had no involvement whatsoever with the alleged acts and/or occurrences as alleged in the Complaint regarding 24261 Evergreen Road, Southfield, MI, and the Complaint contains no allegations to the contrary.

12. Plaintiff has failed to join all interested parties pursuant to Fed. R. Civ. Pro. 19, thus his Complaint should be dismissed.

13. As more fully explained in the accompanying brief, Plaintiff has failed to state a claim upon which relief can be granted, thus his Complaint should be dismissed.

14. Pursuant to LR 7.1, U.S. Bank sought concurrence from the Plaintiff on July 15, 2010. In response, Plaintiff filed his Motion to Amend the Complaint on July 16, 2010.

WHEREFORE, U.S. Bank respectfully requests this Court order and adjudge the following:

A. Issue an Order that allows U.S. Bank to intervene in the instant action;

B. Issue an Order that dismisses 6576 Stonebridge E, West Bloomfield, MI as a named party from the instant action, with prejudice;

C. Issue an Order that dismisses U.S. Bank as a named party from the instant action, with prejudice;

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

3

L:\Rrazzaque\Rudolph, Ninevah (294066L02) PHH\Motion To Intervene.Doc

D.    Grant any other and further relief that this Court deems just and appropriate under the circumstances.

/s/ Rana Razzaque
Rana Razzaque (P67627)
TROTT & TROTT, P.C.
Attorney for Freddie Mac and
GTJ Consulting, LLC
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 723-5072
rrazzaque@trottlaw.com

Dated: July 20, 2010

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HWY., SUITE 200
FARMINGTON HILLS, MI
48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

4

L:\Rrazzaque\Rudolph, Ninevah (294066L02) PHH\Motion To Intervene.Doc

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. MONTGOMERY,

    Plaintiff,

                              Case No. 2:10-cv-11729
                              Hon. Julian Abele Cook
                              Magistrate Judge Mark A. Randon

v

FREDDIE MAC, CITIMORTGAGE,
ABN AMRO MORTGAGE GROUP, INC.,
EVERGREEN WOODS CONDOMINIUM ASSOCIATION,
KRAMER-TRIAD MANAGEMENT GROUP,
GTJ CONSULTING, LLC, MICHAEL J. KELLUM,
ROSS TOWING AND USED AUTO PARTS,
24261 Evergreen Road, Southfield, MI and
6576 Stonebridge E, West Bloomfield, MI,

    Defendants.

| | |
|---|---|
| D. Montgomery<br>In Pro Per Plaintiff<br>PO Box 441074<br>Detroit, MI 48244-1074<br>(313) 460-6965 | TROTT & TROTT, P.C.<br>By: Rana Razzaque (P67627)<br>Attorneys for Defendants Freddie Mac and<br>GTJ Consulting, LLC<br>31440 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br>(248) 723-5073 |
| K.J. Miller (P62014)<br>Christyn M. Scott (P67485)<br>DYKEMA GOSSETT, PLLC<br>Attorneys for Defendant CitiMortgage<br>and ABN Amro Mortgage Group, Inc.<br>39577 Woodward Ave., Ste. 300<br>Bloomfield Hills, MI 48304-5086<br>(248) 203-0746 | Mark J. Zausmer (P31721)<br>Carson J. Tucker (P62209)<br>ZAUSMER, KAUFMAN, AUGUST,<br>CALDWELL & TAYLOR, P.C.<br>Attorneys for Defendants Kramer-Triad,<br>Evergreen Woods and Michael E. Kellum<br>31700 Middlebelt Road, Ste. 150<br>Farmington Hills, MI 48334-2374<br>(248) 851-4111 |

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S BRIEF IN SUPPORT OF ITS MOTION FOR INTERVENTION PURSUANT TO FRCP 24(a), AND DISMISSAL PURSUANT TO FRCP 12(b)(6) and 12(b)(7)**

1

L:\Rrazzaque\Rudolph, Ninevah (294066L02) PHH\Brief To Intervene.Doc

NOW COMES, U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee, for JP Morgan 2003-A2, ("U.S. Bank"), by and through its attorneys, Trott & Trott, P.C., by Rana Razzaque and for its Brief in Support of its Motion for Intervention Pursuant to the Federal Rules of Civil Procedure 24(a), and Dismissal Pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), hereby states as follows:

## STATEMENT OF FACTS

On or about August 25, 2003, Ninevah Rudolph and Bryant Lowery made, executed, and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for the Lender, Merrill Lynch Credit Corporation. **(Exhibit B, Mortgage)**. The Mortgage was in the original principal sum of $366,000.00 and encumbered property commonly known as 6576 Stonebridge E., West Bloomfield, MI 48322. **(See Exhibit B)**. The Mortgage was recorded on March 1, 2004. **(See Exhibit B)**. The Mortgage was given as security for payment on a note.

Ninevah Rudolph and Bryant Lowery defaulted under the terms and conditions of the Mortgage by failing to make the required payments in full and in a timely manner. As the loan was in a default status, foreclosure proceedings commenced resulting in a sheriff's sale on March 2, 2010. **(Exhibit C, Sheriff's Deed)**. The property was then conveyed to U.S. Bank via quit-claim deed. **(See Exhibit A)**. The quit-claim deed was recorded on March 23, 2010, Liber 41923, Page 28, Oakland County Records. The statutory redemption period is scheduled to expire on September 2, 2010, which will vest title in fee simple absolute in U.S. Bank, should the sale go un-redeemed.

On December 30, 2009, D. Montgomery caused to be recorded a document entitled "MCL 570.1111 Claim of Lien" against the Subject Property. **(Exhibit D, Claim of Lien)**. The

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

2

Claim of Lien was recorded after the Mortgage given by Ninevah Rudolph and Bryant Lowery in 2003.

On approximately March 26, 2010, Plaintiff D. Montgomery filed a Complaint in the Oakland County Circuit Court which named 6576 Stonebridge E., West Bloomfield, MI as a Defendant. Though U.S. Banks' interest was of record at this time, the Complaint fails to name U.S. Bank as a Defendant. The Complaint also does not name Ninevah Rudolph and Bryant Lowery. The Complaint is primarily focused on Plaintiff's allegations regarding unlawful, unfair, unconscionable, or deceptive business practices and an "unlawful interference with possessory interest of the property" which is located in Southfield, Michigan. (**Exhibit E, Complaint, ¶ 3, 4**). The Complaint requests damages in the amount of $5,133,429.00 as a result of the alleged "unlawful interference" and for emotional distress. (**Exhibit E, Complaint, ¶ 5**). U.S. Bank has no interest whatsoever in the property located in Southfield, MI.

In regards to the property located at 6576 Stonebridge E., West Bloomfield, MI, which is the property U.S. Bank does claim an interest in, that property is only mentioned in Paragraphs 12, 15, 16, 41, and 42 of the Complaint. Per the Plaintiff's allegations, Plaintiff performed repairs to the Subject Property and then filed liens to secure his "labor charges." (**See Exhibit E, Complaint, ¶ 41, 42**). Plaintiff further seeks to quiet title to the Subject Property and requests this Court issue a declaratory judgment declaring Plaintiff's liens superior to that of the named Defendants, and to allow Plaintiff to initiate foreclosure sales. (**See Exhibit E, Complaint, ¶64, 65, 67**). These claims are completely unrelated to the alleged unlawful, unfair, unconscionable, or deceptive business practices and the "unlawful interference" that allegedly occurred on the Southfield property. Also, contrary to

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

Plaintiff's assertions, none of the named Defendants to this action have any interest at all in the Subject Property located in West Bloomfield.

On April 28, 2010, Defendant Freddie Mac removed this action from state circuit court to this Court.

On July 15, 2010, U.S. Bank sought concurrence in filing this Motion from the Plaintiff. In response, Plaintiff filed his Motion to Amend Complaint on July 16, 2010.

## LEGAL ARGUMENT

### I. U.S. BANK SHOULD BE ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT PURSUANT TO FED. R. CIV. PRO 24(a)

U.S. Bank seeks to intervene in this action as of right, pursuant to FRCP 24(a). To intervene as of right, the would-be intervener must satisfy a four-part test: 1) the party's motion must be timely; 2) the party must assert an interest relating to the property or transaction which is the subject of the action; 3) the party must be so situated that without intervention the disposition of the action, may, as a practical matter, impair or impede its ability to protect its interest; and 4) the party's interest must not be adequately represented by other parties. *United States v ABC Industries*, 153 F.R.D. 603; U.S. Dist. LEXIS 13460 (1993).

U.S. Bank's motion to intervene is timely under the four-part test. Timeliness of intervention should be evaluated in the context of all relevant circumstances. *United States v Marsten Apartments, Inc.*, 175 F.R.D. 265, 267; U.S. Dist. LEXIS 14387 (1997). The Sixth Circuit has identified five factors in determining whether an intervention is timely: 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervener's failure, after he or she reasonably should

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

have known of his or her interest in the case, to apply promptly for intervention; and 5) the existence of unusual circumstances militating against or in favor of intervention. *Id.* at 267.

The suit has just recently been set for a scheduling conference, set to occur on August 2, 2010. No discovery has commenced in the action. The intervention is being sought because the Plaintiff is seeking to obtain priority over U.S. Bank's interest and is seeking to foreclose liens against the Subject Property. U.S. Bank has only known of its interest in this case for several weeks, upon information provided by its current counsel. There would not be any prejudice to the original parties as there has been little progression of this case, other than resolution of a motion for default judgment. Further, the original defendants would not be prejudiced at all, as they only have interests regarding the Southfield, MI property, and not the Subject Property in West Bloomfield. The unusual circumstances that are in favor of intervention are that Plaintiff filed this action seemingly due to unlawful, unfair, unconscionable, or deceptive business practices, and "unlawful interference" regarding the Southfield, MI property, and then simply threw in any additional legal claims that he believes he has, regardless of whether or not the claims or parties are in any way connected. In sum, under the 5-part timeliness test, U.S. Bank believes its Motion is timely.

Regarding the remaining prongs of the 4-prong test for intervention of right, the next prong after timeliness is the party must assert an interest relating to the property or transaction which is the subject of the action. Here, U.S. Bank has an interest to the Subject Property by way of a quit-claim deed, after a mortgage foreclosure sale. If there is no redemption, the sheriff's deed vests in the grantee and assigns all right and title of mortgagor's existing rights at the time of the mortgage. MCL §600.3236; *Hanson v Huetter*, 339 Mich. 130; 62 N.W. 2d 663 (1954). Additionally, title vests not only in the

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HWY., SUITE 200
FARMINGTON HILLS, MI
48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

purchaser, but the purchaser's heirs and assigns. *Piotrowski v State Land Office Board*, 302 Mich. 179; 4 N.W. 2d 514 (1942). *See also Chauvin v American State Bank*, 242 Mich. 269; 218 N.W. 788 (1928) which found that where a mortgagee purchases at foreclosure and receives a sheriff's deed, and by quitclaim deed conveys to others, the latter upon expiration of the right to redeem acquires the title held by the mortgagors at the time the mortgage was executed. Such is the case here. Assuming redemption is not made, U.S. Bank will acquire the title held by the mortgagors at the time the mortgage was executed, in 2003, which has priority over Plaintiff's recorded claim of lien, in 2009. Therefore, Plaintiff's request to this Court to obtain an interest which has priority over U.S. Bank's lien would directly affect the interests of U.S. Bank, since U.S. Bank indisputably has priority over any claims of the Plaintiff.

As for the next prong of the test, U.S. Bank must be so situated that without intervention the disposition of the action, may, as a practical matter, impair or impede its ability to protect its interest. Again, the Plaintiff is seeking an order from this Court which states he has priority over the claims of the named Defendants, is seeking to quiet title to the Subject Property, and is also seeking to foreclose his liens. Practically speaking, only 1 of 2 things can occur regarding Plaintiff's lien (aside from the issue of whether or not the lien is even valid in the first place): 1) either Plaintiff can redeem the sheriff's sale, in which case U.S. Bank will be paid off in full; or 2) Plaintiff will not redeem the sheriff's sale, in which case his junior interest will be eliminated by the sale. *See Hanson, supra*, 339 Mich. 130 at 133, junior interests in the property are cut off by the foreclosure and expiration of the redemption period. That being said, if Plaintiff were to obtain an order from this Court that obtains any of the relief that he is requesting, this order could cloud U.S. Bank's title and

prevent an REO sale of the property.[1] Thus, U.S. Bank must intervene in this action in order to protect not only its current rights, but its future rights to market and sell the property, should no redemption occur.

Lastly, U.S. Bank's interest is not adequately represented by other parties to this action. None of the other named Defendants have any interest at all in the Subject Property in West Bloomfield. U.S. Bank does not have any interest at all regarding the Southfield property. There is no reason for any of the other Defendants to be involved, one way or another, with the Subject Property in West Bloomfield. Therefore, the last prong of the 4-prong test regarding intervention of right has been met.

## II. THE CLAIMS AGAINST U.S. BANK AND THE SUBJECT PROPERTY SHOULD BE DISMISSED FROM THE ACTION PURSUANT TO FED. R. CIV. PRO. 12(b)(6) and 12(b)(7)

Plaintiff's claims against the Subject Property in West Bloomfield surround his request to enforce a lien pursuant to MCL §570.1111. He further requests to have title quieted in him and wishes to foreclose his lien. MCL §600.2932 requires that Plaintiff name all interested parties to his quiet title action, which would include Ninevah Rudolph and Bryant Lowery. As the redemption period from the foreclosure sale has not yet expired, both Ninevah Rudolph and Bryant Lowery still have an interest in the property, yet have not been named. As such, Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(7) as Plaintiff has not named a required party pursuant to FRCP 19. Further, allowing Plaintiff to amend his pleadings to include these parties would be futile, as Plaintiff does not have a valid, enforceable lien, as will be explained more fully. As Plaintiff does not have a valid,

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

---

[1] A review of public records reveals that Plaintiff has been involved in numerous other court actions and seems to be prone to extensive litigation. Further, U.S. Bank's counsel has personal knowledge of the extremely litigious nature of the Plaintiff. Given this information, it is more than likely that Plaintiff will attempt to obtain an order from this Court which could cloud title.

7

enforceable lien, this Court cannot grant him the relief requested—foreclosure of the lien. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

Again, Plaintiff has recorded a lien against the Subject Property in West Bloomfield pursuant to MCL §570.1111. Because Plaintiff has failed to comply with numerous requirements of the Construction Lien Act, MCL §570.1101 *et seq.*, his claim of lien is unenforceable. Because the lien is unenforceable, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed. Plaintiff's Complaint is completely void of any facts or evidence in support of the claim of lien. Plaintiff has not produced a written contract with either Ninevah Rudolph or Bryant Lowery to make improvements at the Subject Property. The Complaint does not specify if Plaintiff was acting as a contractor, a subcontractor, or a supplier. Plaintiff does not describe what kinds of improvements were made. Plaintiff does not attach to the claim of lien a proof of service of a notice of furnishing pursuant to MCL §570.1111(4). Plaintiff does not provide any evidence that he complied with the notice of furnishing requirements of MCL §570.1109. Plaintiff claims that he complied with the notice requirements for service of the claim of lien as required by MCL §570.1111(5) (**See Exhibit D, P. 4**), however, Ninevah Rudolph and Bryant Lowery do not occupy the Subject Property so it appears as though the notice was ineffective and/or invalid.

Also of importance, is that there is no evidence that Plaintiff complied with MCL §570.1114, which requires a written contract between the Plaintiff and the owner. (Ninevah Rudolph and Bryant Lowery). Additionally, MCL §339.2412 prohibits an unlicensed residential contractor from bringing or maintaining an action "for the collection of compensation for the performance of an act or contract for which a license is required." See also *Stokes v Millen Roofing Co.*, 466 Mich. 660, 664; 649 N.W. 2d 371 (2002). There is no

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

evidence that Plaintiff is licensed as a contractor or subcontractor and a search of licensed residential builders in the State of Michigan under the names "D. Montgomery" or "Duane Montgomery" did not find any records. (**Exhibit F, License Verification**).

Lastly, and most significantly, Plaintiff's lien is junior to that of U.S. Bank's and will be extinguished by operation of law, should the foreclosure sale go un-redeemed. (See above discussion regarding priority of liens, at Pages 4-6). U.S. Bank's priority stems from the recording date of the Mortgage, March 1, 2004, while Plaintiff's claim of lien was not recorded until December 30, 2009. Per the claim of lien, the first date of improvement was December 20, 2009. (**See Exhibit D**). The Michigan Construction Lien Act is intended, among other things, to protect mortgages from unknown lien claimants. *MD Marinich, Inc., v Michigan Nat'l Bank*, 193 Mich. App. 447, 455; 484 N.W. 2d 738 (1992). The priority of construction liens arising under the act are determined as follows:

> (3) A construction lien arising under this act shall take priority over all garnishments, interests, liens or encumbrances which may attach to the building, structure or improvement, or upon the real property on which the building, structure or improvement is erected when the other interests, liens or encumbrances are recorded subsequent to the first actual physical improvement.
> (4) A mortgage, lien, encumbrance or other interest recorded before the first actual physical improvement to real property shall have priority over a construction lien arising under this act. The priority of the mortgage shall exist as to all obligations secured by the mortgage except for indebtedness arising out of advances made subsequent to the first actual physical improvement. An advance made pursuant to the mortgage, but subsequent to the first actual physical improvement shall have priority over a construction lien, if for that advance, the mortgagee has received a contactor's sworn statement as provided in [MCL 570.1110], has made disbursements pursuant to the contractor's sworn statement, and has received waivers of lien from the contractor and all subcontractors, laborers, and suppliers who have provided notices of furnishing...
> MCL §570.1119

The only conceivable way Plaintiff could gain priority over U.S. Bank's interest, and/or could "quiet title" in the Subject Property, would be for him to redeem the foreclosure sale.

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

9

Plaintiff does not need court intervention or the current action in order to redeem the foreclosure sale.

For the aforementioned reasons, it would be futile to allow Plaintiff to amend his Complaint as he has not placed a valid and enforceable lien against the Subject Property. Even if it is a valid and enforceable lien, it will be extinguished by operation of law upon expiration of redemption. If Plaintiff would like to accomplish his goal of quieting title in himself, free and clear of the claims of all other interested parties, he simply needs to redeem the foreclosure sale. An action to quiet title and foreclosure of his alleged construction lien is not required. As such, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint against the Subject Property should be dismissed.

## CONCLUSION

The Plaintiff has filed a Complaint which primarily consists of alleged acts and/or occurrences related to property located at 24261 Evergreen Road, Southfield MI. U.S. Bank had absolutely no involvement with any of these alleged acts and/or occurrences and the Complaint fails to state otherwise. U.S. Bank does not claim an interest at all in 24261 Evergreen Road, Southfield, MI. U.S. Bank does have a recorded interest in the property located at 6576 Stonebridge E, West Bloomfield, MI, though Plaintiff failed to name U.S. Bank as a party to this action. Because of this interest, U.S. Bank should be allowed to intervene in this action as of right. There are other interested parties to the Subject Property, Ninevah Rudolph and Bryant Lowery, though Plaintiff failed to name them also. In essence, it appears as though the alleged acts and/or occurrences in Southfield prompted Plaintiff to file the instant action. Then, perhaps as an afterthought, Plaintiff simply "threw in" any and all other legal claims he believes he has, regardless of whether or not the claims or parties

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

L:\Rrazzaque\Rudolph, Ninevah (294066L02) PHH\Brief To Intervene.Doc

were related in any conceivable way. In doing so, Plaintiff failed to join all required parties regarding the Subject Property.

Further, Plaintiff's claims are based on an alleged construction lien, which is not valid and enforceable due to the numerous violations of the Construction Lien Act, and because Plaintiff is not a licensed contractor. Further, Plaintiff's lien, even if valid, will be extinguished shortly by operation of law. Lastly, Plaintiff can easily accomplish what he seeks—ownership of the Subject Property free and clear of all other liens—by simply redeeming the foreclosure sale. The instant action is not required for the relief Plaintiff requests. As such, U.S. Bank requests that it be allowed to intervene in this action to protect its interest, and that the Complaint against it and the Subject Property be dismissed, with prejudice.

/s/ Rana Razzaque
Rana Razzaque (P67627)
TROTT & TROTT, P.C.
Attorney for Freddie Mac and
GTJ Consulting, LLC
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI  48334
(248) 723-5072
rrazzaque@trottlaw.com

Dated: July 20, 2010

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HWY., SUITE 200
FARMINGTON HILLS, MI
48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

11

L:\Rrazzaque\Rudolph. Ninevah (294066L02) PHH\Brief To Intervene.Doc


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Christyn M. Scott (P67485)  
cscott@dykema.com

K.J. Miller (P62014)  
kjm@dykema.com

Mark J. Zausmer (P31721)  
mzausmer@zkact.com

Carson J. Tucker (P62209)  
ctucker@zkat.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

D. Montgomery  
PO Box 441074  
Detroit, MI 48244-1074

/s/ Rana Razzaque  
Rana Razzaque (P67627)  
TROTT & TROTT, P.C.  
Attorney for Freddie Mac and  
GTJ Consulting, LLC  
31440 Northwestern Hwy., Ste. 200  
Farmington Hills, MI 48334  
(248) 723-5072  
rrazzaque@trottlaw.com

Dated: July 20, 2010

**TROTT & TROTT, P.C.**  
31440 NORTHWESTERN HWY., SUITE 200  
FARMINGTON HILLS, MI 48334  
PHONE (248) 642-2515  
FACSIMILE (248) 205-4118

L:\Rrazzaque\Rudolph, Ninevah (294066L02) PHH\Brief To Intervene.Doc