2:10-cv-11729-JAC-MAR    Doc # 30    Filed 07/29/10    Pg 1 of 8    Pg ID 744

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-             Montgomery vs. Freddie Mac et al

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| 5  **D. Montgomery** | ) |
| 6  *Plaintiff,* | ) |
| 7  | ) |
| 8  *v.* | ) |
| 9  | ) Case No. 2:10-cv-11729-JAC-MAR |
| 10 **Freddie Mac, CitiMortgage,** | ) |
| 11 **ABN AMRO Mortgage Group, Inc.,** | ) HON: Julian Abele Cook |
| 12 **Evergreen Woods Condominium Association,** | ) Magistrate Judge Mark A. Random |
| 13 **Kramer-Triad Management Group,** | ) |
| 14 **GTJ Consulting, LLC, Michael J. Kellum,** | ) |
| 15 ROSS TOWING AND USED AUTO PARTS, | ) |
| 16 **24261 Evergreen Road Southfield MI and** | ) |
| 17 **6576 Stonebridge E, West Bloomfield MI** | ) |
| 18 *Defendants,* | ) |
| 19 _____ | / |

FILED JUL 29 P2:40

| | |
|---|---|
| **D. Montgomery**<br>P.O. Box 441074<br>Detroit, Michigan 48244-1074<br>Plaintiff, In Pro per<br>513-460-6965 | Kathryn J. Miller (P-62014)<br>Christyn M. Scott – (P67485)<br>**Dykema Gossett PLLC**<br>**Attorneys for Defs. CitiMortgage,**<br>**Inc. and ABN AMRO Mortgage**<br>**Group, Inc.**<br>39577 Woodward Ave Ste 300<br>Bloomfield Hills, MI  48304<br>Phone: (248) 203-0746<br>Fax: (248) 203-0763<br>e-Mail: cscott@dykema.com<br><br>Defendant |
| Mark J. Zausmer – (P31721)<br>**Zausmer Kaufman August Caldwell &**<br>**Tayler PC**<br>**Attorneys for Defs.** EVERGREEN WOODS<br>CONDOMINIUM<br>KRAMER TRIAD MANAGEMENT<br>GROUP and **Michael J. Kellum**<br>31700 Middlebelt Rd Ste 150<br>Farmington Hills, MI  48334<br><br>Phone: (248) 851-4111<br>Fax: (248) 851-0100<br>e-Mail: mzausmer@zkact.com<br>Defendants | RANA D. RAZZAQUE (P-67627)<br>Trott & Trott<br>Attorneys for Defendants Freddie Mac and GTJ Consulting, LLC<br>31440 Northwestern Highway, Suite 200<br>Farmington Hills, MI 48334<br>(248) 723-5073<br>rrazzaque@trottlaw.com<br><br><br>Defendant |

2:10-cv-11729-JAC-MAR   Doc # 30   Filed 07/29/10   Pg 2 of 8   Pg ID 745

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-          Montgomery vs. Freddie Mac et al

# Table of Contents

PLAINTIFF'S RESPONSE TO U.S. Bank National Association, Motion for Intervention and Dismissal ................................................................................................................... 3

As Trustee, U.S. Bank lacks Capacity without joining ........................................................ 3

    Redemption period has not expired: ................................................................................ 5

    Trustee U.S. Bank has no authority to commence legal action: ..................................... 6

        Certificate of trust existence and authority; ................................................................ 6

    Plaintiff not required to be licensed ................................................................................ 6

    Trustee U.S. Bank motion is untimely; ........................................................................... 7

    Joinder by Court Order; ................................................................................................... 7

    Prayer for Relief .............................................................................................................. 7

PROOF OF SERVICE ........................................................................................................ 10

## Cases

SG Cowen Sec. Corp. v. Messih, 224 F.3d 79, 81 (2d Cir.2000) ........................................ 3

Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) .................................................................... 3

## Statutes

28 U.S.C. § 1291 .................................................................................................................. 3

**M.C.L. 451.404** ............................................................................................................ 4, 6

M.C.L. **565.431** ............................................................................................................ 3, 6

**M.C.L. 565.432** ............................................................................................................ 3, 6

**M.C.L. 565.433** ............................................................................................................ 4, 6

M.C.L. 600.3240(7), ............................................................................................................ 6

## Rules

FRCP Rule 17(a)(1)(E) ....................................................................................................... 3

2:10-cv-11729-JAC-MAR  Doc # 30  Filed 07/29/10  Pg 3 of 8  Pg ID 746

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-    Montgomery vs. Freddie Mac et al

# PLAINTIFF'S RESPONSE TO U.S. Bank National Association, Motion for Intervention and Dismissal

NOWS COMES PLAINTIFF, D. Montgomery, In Pro per, hereby respectfully submits a response to U.S. Bank's motion for Intervention and Dismissal.

The US Court of Appeals has jurisdiction to review the order denying the motion to intervene pursuant to 28 U.S.C. § 1291 "[b]ecause a district court's order denying intervention is a final order." N.Y. News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir.1992).

A district court has abused its discretion if it has (1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (internal quotation marks omitted). Errors of law or fact may constitute such abuse. SG Cowen Sec. Corp. v. Messih, 224 F.3d 79, 81 (2d Cir.2000).

## As Trustee, U.S. Bank lacks Capacity without joining

Under FRCP Rule 17(a)(1)(E), a trustee of an express trust has capacity to be a party in its own name without joining the real party in interest.

Under M.C.L. **565.431** Sec. 1.

> *An instrument conveying, encumbering, or otherwise affecting an interest in real property, executed pursuant to an express trust, may be accompanied either by a copy of the trust agreement or by a certificate of trust existence and authority, as described in sections 2 and 3.*

**Under M.C.L. 565.432 Certificate of trust existence and authority; contents.**

Sec. 2.

A certificate of trust existence and authority **shall** contain **all** of the following information:

2:10-cv-11729-JAC-MAR   Doc # 30   Filed 07/29/10   Pg 4 of 8   Pg ID 747

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-          **Montgomery vs. Freddie Mac et al**

(a) The title of the trust.

(b) The date of the trust agreement and any amendments to the trust agreement.

(c) The name of the settlor or grantor and the settlor's or grantor's address.

(d) The names and addresses of all of the trustees and successor trustees.

(e) The legal description of the affected real property.

(f) Verbatim reproductions of provisions of the trust agreement, and any amendments to the trust agreement, regarding all of the following:

(i) The powers of the trustee or trustees relating to real property or any interest in real property and restrictions on the powers of the trustee or trustees relating to real property or any interest in real property.

(ii) The governing law.

(iii) Amendment of the trust relating to the trust provisions described in subdivision (a) to (f)(ii).

(g) Certification that the trust agreement remains in full force and effect.

(h) A list of names and addresses of all persons who, at the time the certificate of trust is executed, are trustees of the trust.

**Under M.C.L. 565.433 Certificate of trust existence and authority; execution; form.**

Sec. 3.

> *A certificate of trust existence and authority shall be executed by the settlor or grantor; an attorney for the settlor, grantor, or trustee; or an officer of a banking institution or an attorney if then acting as a trustee. The certificate shall be in the form of an affidavit.*

**Under M.C.L. 451.404 Trust mortgage foreclosure; trustee, maintenance and operation of property; sale, accounting.**
Sec. 4.
> Any property acquired by the trustee as aforesaid **shall** be managed and administered by the trustee under and in accordance with the rules **and principles of law and equity pertaining to express trusts** generally subject to the

2:10-cv-11729-JAC-MAR   Doc # 30   Filed 07/29/10   Pg 5 of 8   Pg ID 748

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-           Montgomery vs. Freddie Mac et al

jurisdiction of said court to be exercised in said cause by proceedings subsequent to the decree therein. The trustee shall be allowed all proper expenses and disbursements and reasonable compensation to be approved by the court. The trustee shall have power and authority to repair, maintain, protect, preserve and operate or lease the property until such time as a sale or other disposal thereof shall be approved or directed. The trustee may borrow money for any of said purposes, to discharge prior liens, taxes, assessments or other incumbrances against said property or for any other purpose of the trust and may secure such money so borrowed by mortgage of said property or by pledge of the income thereof. Any such mortgage or pledge shall be superior to and binding on the interests of the beneficiaries of said trust. It shall be the duty of the trustee to negotiate and effect a sale or other disposal of the property and make distribution of the proceeds of such sale or disposal to the beneficiaries of the trust at the earliest time at which the same can be done without sacrifice of the fair and reasonable value of such property. Any sale, unless for cash, shall be upon such terms as the court may approve after notice shall have been given to all beneficiaries of the trust in such manner as the court shall direct. No operating contract which is for more than 2 years or borrowing of money, mortgage, sale or other disposal shall be made except by and with the approval and authorization of the court upon notice in such manner as the court shall direct to the beneficiaries of said trust. The court may provide such other terms and conditions of the trust and powers, duties and authority of the trustee, not inconsistent with the foregoing, as to the court shall be deemed to be to the interests of the beneficiaries of the trust as a whole. Upon the complete consummation of a sale or other disposition of all of the trust property the trustee shall render in writing a full and complete report and account of the administration of said trust and of the distribution of the assets, income and proceeds thereof upon which a hearing shall be had after such notice to the beneficiaries of the trust as the court shall direct. If any such trust shall continue for more than 1 year an account and report of the administration of such trust shall be rendered at such times as may be required by the court but at least annually and when any such report shall have been made the final account and report aforesaid shall be required to cover only from the date of the then last account and report.

## Redemption period has not expired:

Review of page 2, paragraph 3 of U.S. Bank's Brief, states

> *"foreclosure proceedings commenced resulting in a sheriff's sale on March 2, 2010."*

2:10-cv-11729-JAC-MAR   Doc # 30   Filed 07/29/10   Pg 6 of 8   Pg ID 749

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-          Montgomery vs. Freddie Mac et al

1  Under M.C.L. 600.3240(7), the redemption period is 6 months from the date of the sale.
2  U.S. Bank's interest does not take effect until after September 2, 2010, because the
3  property is still owned by the homeowners, the real party at interest.

4  **Trustee U.S. Bank has no authority to commence legal action:**
5
6          Trustee U.S. Bank claims to have authority for intervention under an allege
7  authority of a Quit Claim Deed. However, the Quit Claim Deed fails to comply with
8  **M.C.L. 565.431, M.C.L. 565.432 or M.C.L. 565.433.** Trustee U.S. Bank has failed to
9  provide any document that authorizes the Trustee U.S Bank to sue or for intervention into
10 a lawsuit on behalf of the beneficiaries of the trust.
11

12 **Certificate of trust existence and authority;**
13         As a Trustee, U.S. Bank is required under M.C.L. 565.432 to provide a
14 **Certificate of trust existence and authority.** The Certificate of Trust must list what
15 authority the Trustee has and include actions that the Trustee may take. In this instance
16 case, Trustee U.S. Bank has no authority to take legal action on behalf of the
17 beneficiaries of the trust. Furthermore, as a Trustee of a Mortgage Trust, Under M.C.L.
18 451.404, Trustee U.S. Bank is required to comply with all laws pertaining to express
19 trust. Because Trustee U.S. Bank has failed to comply with M.C.L. 565.431, M.C.L.
20 565.432 or M.C.L. 565.433, Trustee U.S. Bank is NOT a Trustee of an express trust and
21 thus does not have the capacity to sue without joining the real party at interest under
22 FRCP Rule 17(a)(1)(E).
23

24 **Plaintiff not required to be licensed**
25         A Laborer is not required to be licensed under the Michigan Occupational Code.
26 Trustee U.S. Bank acknowledges that the Plaintiff lien was for labor on the subject
27 properties. Review of the Claim of Liens clearly shows that the Plaintiff claims were due
28 on *"behalf of laborer."*
29

### Trustee U.S. Bank motion is untimely;

Trustee U.S. Bank's is currently represented by attorneys Trott & Trott. U.S. Bank was also represented by Trott & Trott in the Quit Claim Deed which appointed U.S Bank as the Trustee of subject property. Trott & Trott had full knowledge of this action at the beginning of this case because Trott & Trott are representing Defendant Freddie Mac. Trott & Trott could have and should have move for intervention when it move this case to federal District Court in April of 2010.

The Plaintiff started discovery in late April and May of 2010 including request for depositions from Trott and Trott. Trott & Trott has delayed discovery by refusing to allow depositions and filing this late intervention motion.

At this stage of the proceedings, Trustee US Bank does not have interest in the subject property because the redemption period has not expired and US Bank had not complied with state statues regarding express trust.

The Plaintiff claims will be prejudiced by the intervention because US Bank is not the real party at interest until the expiration of the redemption period. And furthermore, US Bank has not provided any reason why they could not have filed this motion in April excepted to claim that Trott and Trott notified US Bank in July. When in fact, Trott & Trott could have and should have move for intervention in late April or May of 2010. US Bank had not provided any reason as to why Trott & Trott waited so long to inform US Bank of this present action.

### Joinder by Court Order;

Under FRCP Rule 19(a)(2), *Joinder by Court Order*. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

### Prayer for Relief

2:10-cv-11729-JAC-MAR   Doc # 30   Filed 07/29/10   Pg 8 of 8   Pg ID 751

U.S. District Court - Detroit 2:10-cv-11729-JAC-MAR-      **Montgomery vs. Freddie Mac et al**

1. Trustee U.S. Bank has failed to comply with **M.C.L. 565.431, M.C.L. 565.432 or**
2. **M.C.L. 565.433**. As such, US Bank is not a trustee of an express trust and does not have
3. the capacity to sue for intervention without joining the party at interest. The Plaintiff
4. prays this Honorable Court to deny Trustee U.S. Bank's motion and to order Joinder of
5. the real party at interest and such other relief as the court deems just.

Respectfully,
D. Montgomery                                    July 29, 2010