UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


D MONTGOMERY

        Plaintiff,

   v.

CITIMORTGAGE, INC., ABN AMRO MORTGAGE
GROUP, INC., GTJ CONSULTING, LLC., ROSS
TOWING AND USED AUTO PARTS, 24261
EVERGREEN ROAD, and FREDDIE MAC

        Defendants.

Case No. 10-11729
Honorable Julian Abele Cook, Jr.


ORDER

The *pro se* plaintiff, Duane Montgomery, complains that the Defendants, CitiMortgage,

Inc., Freddie Mac, and GTJ Consulting, LLC, violated Mich. Comp. Laws §§ 600.2918, 600.2920,

and 445.901 when they unlawfully confiscated his property interests through an illegal eviction

process, and, in so doing, intentionally caused him to sustain an unwarranted level of emotional

distress.

On June 24, 2002, Ninevah Rudolph (a non-party to this litigation) obtained a mortgage in

the sum of $114,000 with which to finance the purchase of a parcel of realty in Southfield,

Michigan. However, when Rudolph defaulted in the mortgage payments, foreclosure proceedings

were instituted against the Southfield property which was subsequently sold at a sheriff's sale on

January 5, 2010.

In his complaint, it is Montgomery's position that he was a lawful tenant in the now-

1

foreclosed property during all of the times that are relevant to this proceeding. Montgomery maintains that while he was out of town, GTJ Consulting, LLC - acting without authority - wrongfully entered his dwelling on March 8th 2010, changed the lock on the front door, and "winterized" the property. Upon returning to his home on March 12th, and after finding that (1) the front door lock had been changed, and (2) his car had been wrongfully removed, Montgomery reported the incidents to the local police department authorities who, in turn, referred him to a law firm which ultimately gave him the code to the attached lock box for a peaceful entry into the Southfield property. Once inside the dwelling, he became aware for the first time that his valuable personal property had been removed without his knowledge or approval.

This lawsuit and several dispositive motions by the Defendants followed.  All of these motions were referred to Magistrate Judge Mark A. Randon, for his evaluation.  In his Report of August 31, 2012,  Magistrate Judge Randon recommended that (1) all of the Defendants' dispositive motions be granted, and (2) each of Montgomery's claims be dismissed with prejudice. Timely objections followed.

Initially, Montgomery asserts that Magistrate Judge Randon erred when he failed to (1) give any credence to the arguments that have been advanced by him in this cause, and (2) consider and evaluate all of the documents that have been filed in this case. Unfortunately, Montgomery has failed to point to any arguments or evidence that, in his opinion, were not addressed by the Magistrate Judge. As a consequence, the Court can neither identify nor evaluate Montgomery's positions.  Thus, the Court must reject Montgomery's overly general contention that Magistrate Judge Randon did not fully consider and evaluate his arguments.

Montgomery also asserts that there continues to be "a genuine issue of whether the

2

Defendants stole [his] the Plaintiff's property . . . ." In particular, Montgomery insists that his handgun was stolen by the Defendants. However, Magistrate Judge Randon directly addressed this issue in his Report when he concluded that Montgomery had "failed to provide any evidence that demonstrates his personal property was actually removed from the property." Notwithstanding, Montgomery maintains that his personal property holdings, which he values at more than $6 million, were taken unlawfully from the home.  Under these circumstances, it is his position that he is entitled to damages for this conversion. According to Mich. Comp. Laws § 600.9290, "a civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention." Notwithstanding Montgomery's argument to the contrary, Magistrate Judge Randon correctly concluded that he had failed to produce any credible evidence which would support a finding that his personal property had been actually removed from his home.

Montgomery strongly objects to Magistrate Judge Randon's finding that he had failed to state a claim under Mich. Comp. Laws § 600.2918 which authorizes an award of damages for the forcible entry into a dwelling, as well for the unlawful interference with the possession of a tenant's property interests. However, Magistrate Judge Randon, after examining the record, concluded that Montgomery had failed to allege that "[the] Defendants had used or threatened force." (Report at 6). Mich. Comp. Laws § 600.2918 requires the aggrieved party to establish that the claimed injury was caused by the use of force. Furthermore, as noted by Magistrate Judge Randon, only a tenant can bring a claim under this statute.  *See Eberline v. Nat'l City Mortgage., Inc.*, No. 292022, 2011 Mich. App. LEXIS 1412 (Mich. Ct. App., July 28, 2011). Mere possession of property is an insufficient basis upon which to establish a landlord-tenant relationship with the property owner.

3

*Id*, at *10. Thus, Montgomery's assertions as a tenant are insufficient to sustain his claims under this statute.

Montgomery disputes Magistrate Judge Randon's finding that he was not a tenant of the Southfield property. In reaching this conclusion, Magistrate Judge Randon found that Montgomery had "failed to produce a lease agreement, rent receipt, cancelled check written to [the landlord], or anything else to substantiate his claim of tenancy." (Report at 7). Magistrate Judge Randon also noted that Montgomery had testified during a debtor's examination on April 5, 2011, that his residence was 2245 South Edsel, Detroit, Michigan. (Mot. to Dismiss Ex. I). In his testimony, Montgomery indicated that he had lived at the South Edsel address for at least five years, including at the time of the alleged unlawful eviction in March 2010. Hence, Magistrate Judge Randon correctly found that Montgomery was not a tenant of the Southfield property at the time of the alleged forceful entry, and was without authority to bring a claim under Mich. Comp. Laws § 600.2918.

Montgomery also asserts that "[t]he Report and Recommendation (Under Plaintiff's Conversion Claim), is wrong in concluding, the Plaintiff bankruptcy filing is grounds for the judicial estoppels defense." Magistrate Judge Randon found that Montgomery's conversion claim is barred by judicial estoppel:

> [Montgomery] filed for bankruptcy on October 30, 2008. In his bankruptcy filings, [Montgomery] claimed to have just $600 in personal property. (Dkt. 72, Ex. J). On January 26, 2010, [he] filed amended bankruptcy schedules that confirmed his previous claim of $600 in personal property (Dkt. 72; Ex. K). [Montgomery] did not further amend his bankruptcy schedules to reflect either the personal property he claims was unlawfully converted from the [Southfield property] or his filing of the [c]omplaint in this case." (Report at 10).

Judicial estoppel is an equitable doctrine that "preserves the integrity of the courts by preventing

a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009). Magistrate Judge Randon correctly found that judicial estoppel bars Montgomery's conversion claim. Significantly, Montgomery failed to amend his bankruptcy schedule to account for the six million dollars in personal property value he now claims to have lost on March 8, 2010.

Montgomery also objects to Magistrate Judge Randon's determination that his motions to strike (ECF 103) and for an order to appear at trial (ECF 104) be denied for mootness. Montgomery does not provide any specific reason for his rejection of this determination.

Finally, Montgomery asserts that the "Defendants have lied to this Honorable Court regarding the stealing of [the] Glock handgun to cover-up the fact that . . . Freddie Mac has been mandated to accelerate [the] wind-down of the mortgage related investments portfolio." This objection also fails to state with any error with specificity within the Report. Hence, it must be rejected as well.

For the reasons that have been stated above, Magistrate Judge Randon's Report is adopted in its entirety. The Court grants the motion for a judgment on the pleadings by GTJ Consulting, LLC (ECF 75).  The Court also grants the motions to dismiss by Freddie Mac and CitiMortgage Inc., on behalf of itself and as the successor by merger to ABN AMRO Mortgage Group, Inc. (ECF 72 and 73). The Court rejects Montgomery's motions to strike (ECF 71 and 103) and for an order to appear and testify (ECF 104) for mootness.

IT IS SO ORDERED.

Date: December 5, 2012                              s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 5, 2012.


                                                   s/ Kay Doaks
                                                   Case Manager

6